Jason M. Rudd
Texas State Bar No. 24028786
Lauren K. Drawhorn
Texas State Bar No. 24074528
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Telecopier: (214) 692-6255

Deborah Deitsch-Perez
Texas State Bar No. 24036072
Michael P. Aigen
Texas State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
Telephone: (214) 560-2201
Telecopier: (214) 560-2203

ATTORNEYS FOR DEFENDANT HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** § § | | **Case No. 19-34054** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § § | | **(Chapter 11)** |
| Debtor-Plaintiff. § | | **Adversary No. 21-03006-sgj** |
| v. § § | | |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.,** § § § | | |
| Defendant. § | | |
| § | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § § § | | |
| Plaintiff. § | | **Civil Case No. 3:21-cv-01378-N** |
| v. § § § | | |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.,** § § § | | |
| Defendant. § | | |

### HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.'S MOTION TO RECONSIDER ORDER ON MOTION TO WITHDRAW THE REFERENCE

CORE/3522697.0002/168428401

Defendant Highland Capital Management Services, Inc. ("HCMS") submits its Motion to Reconsider this Court's Order on Motion to Withdraw the Reference [Dkt. No. 5] ("Motion") and in support of this Motion, states the following:

### I.  GROUNDS FOR THE MOTION

1. On October 16, 2019, Debtor filed bankruptcy in Delaware. On January 22, 2021, Debtor commenced Adversary Proceeding No. 21-03006-sgj against HCMS, asserting a state law, non-core breach of contract claim ("Count I") and an entirely dependent turnover claim under 11 U.S.C. § 542(b) for the amounts allegedly owed on the Notes ("Count II"). HCMS denied consent to the Bankruptcy Court entering a final order or judgment, and demanded a jury trial in the District Court. [*Highland Capital Management, L.P. v. Highland Capital Management Services, Inc.*, Adv. Pro. No. 21-03006, Dkt. No. 6, ¶¶ 3-5, 57, 58; Dkt. No. 15, ¶¶ 3-5, 58-59].[1]

2. On June 3, 2021, HCMS filed its *Brief in Support of its Motion to Withdraw the Reference* [*Highland Capital Management, L.P. v. Highland Capital Management Services, Inc.*, Adv. Pro. No. 21-03006, Dkt. No. 20] asserting that the District Court should hear and determine the matter, including all pretrial proceedings because there is good cause for permissive withdrawal.

3. On July 14, 2021, the Bankruptcy Court issued its Report and Recommendation, recommending that all pre-trial matters remain in the Bankruptcy Court, including the resolution (by recommendation and report) of any dispositive motions, with withdrawal of the reference to occur only if and when the adversary case were certified trial-ready. [*Highland Capital*

---

[1] On April 23, 2020, HCMS filed Proofs of Claim No. 175 and 176. The HCMS Proofs of Claim have been resolved since October 20, 2020, when the Bankruptcy Court disallowed the HCMS Proofs of Claim in their entirety, and HCMS no longer holds a claims against the Debtor's bankruptcy estate. October 20, 2020 Order on First Omnibus Objection.

1

*Management, L.P. v. Highland Capital Management Services, Inc.*, Adv. Pro. No. 21-03006, Dkt. No. 47.]

4. HCMS was preparing to file its objection to the Report and Recommendation which was due to be filed on July 28, 2021.

5. On July 26, 2021, before HCMS was able to file its objection, this Court issued its Order on Motion to Withdraw the Reference, adopting the recommendation of United States Bankruptcy Judge Stacey G.C. Jernigan and referring all pretrial matters to the Bankruptcy Court.

6. For the reasons set forth in the Limited Objection of HCMS to Report and Recommendation to District Court on the Motion to Withdraw the Reference ("Objection"), filed contemporaneously with this Motion as Dkt. No. 6, HCMS asks that this Court reconsider its Order on Motion to Withdraw the Reference.

7. The Bankruptcy Court lacks jurisdiction to rule on a dispositive motion such as a motion to dismiss or a motion for summary judgment. Thus, any ruling by the Bankruptcy Court on any such motion will result only in proposed findings and conclusions, reviewable *de novo* in this Court. *See* 28 U.S.C. § 157(c)(1).

8. Withdrawing the reference now promotes judicial economy, as it will enable the District Court to have the familiarity necessary to make key trial determinations on the more complex evidentiary and expert issues that arise in a jury trial. Moreover, because Debtor has indicated an intent to file a motion for summary judgment and the Bankruptcy Court can only recommend a resolution and the District Court will be required to decide such a motion *de novo* in any event, it will be more efficient for the District Court to preside over this case as soon as possible.

9. Additionally, as more fully set forth in the Objection, withdrawing the reference immediately will also ameliorate any appearance of impropriety arising out of the Bankruptcy Court making pre-trial rulings, including a dispositive motion concerning millions of dollars in disputed obligations involving a party who is appealing that same Bankruptcy Court's denial of a recusal motion. HCMS is reasonably concerned that the Bankruptcy Court will conclude *a priori* that its defenses are not credible and will act on pretrial matters with that bias or pre-existing conclusion. HCMS does not propose to try the recusal matter through this Objection. However, all of these legitimate concerns about potential bias are best resolved by this Court simply doing what Congress intended: withdrawing the reference immediately and *in toto*.

10. Also, as more fully set forth in the Objection, HCMS amended its answer so that withdrawal of the reference is mandatory because a non-Bankruptcy Code federal law at issue (here, federal tax law) has more than a *de minimis* effect on interstate commerce. HCMS is not questioning the competency of the Bankruptcy Court to handle routine tax matters. On these claims, however, the fact-finder will ultimately need to hear fact and expert testimony about how loans are used as a deferred compensation device and how those devices are structured. Such analysis requires the Court to determine the particulars and nuances of the Notes, the circumstances and testimony regarding the creation of the Notes, testimony on the conditions subsequent and financial benchmarks resulting in the Notes becoming compensation, whether those conditions subsequent were met, how the funds from the Notes were ultimately treated, and by whom. Rather than duplicate the effort of determining these issues, the parties and judicial economy are better served by immediate withdrawal of the reference.

11. The parties and judicial economy are better served by immediate withdrawal of the reference.

## II. REQUEST FOR RELIEF

WHEREFORE, for the reasons above, HCMS respectfully requests that the District Court take judicial notice of its Limited Objection to District Court on the Motion to Withdraw the Reference filed contemporaneously with this Motion, and enter an order: (1) rejecting in part the Bankruptcy Court's Report and Recommendation by immediately withdrawing the reference of the entirety of the case; (2) staying the matter pending determination; and (3) granting such further relief as equity and justice requires.

Dated: July 27, 2021.            Respectfully submitted,

/s/Deborah Deitsch-Perez
Deborah Deitsch-Perez
Texas State Bar No. 24036072
Michael P. Aigen
Texas State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
Telephone: (214) 560-2201
Telecopier: (214) 560-2203
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

- and -

Jason M. Rudd
Texas State Bar No. 24028786
Lauren K. Drawhorn
Texas State Bar No. 24074528
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Telecopier: (214) 692-6255
Email:  jason.rudd@wickphillips.com
Email:  lauren.drawhorn@wickphillips.com

**ATTORNEYS FOR DEFENDANT
HIGHLAND CAPITAL MANAGEMENT SERVICES,
INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on July 27, 2021, a true and correct copy of this document was served via the Court's CM/ECF system on counsel for Debtor.

*/s/Michael P. Aigen*
Michael P. Aigen