IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 3:21-CV-1378-N |
| HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., | | |
| Defendant. | | |

## ORDER

This Order addresses Defendant Highland Capital Management Services Inc.'s motion for reconsideration [5] of this Court's previous order adopting the bankruptcy court's Report and Recommendations issued in response to Defendant's motion to withdraw the reference of the case to the Bankruptcy Court [1-1]. Because Defendant fails to show that a new development in the case or fundamental fairness concerns strongly favor reconsideration of the prior order, the Court denies Defendant's motion.

The Bankruptcy Court, in its Report and Recommendation detailed the background of both the bankruptcy case and this adversary proceeding between the bankruptcy Debtor and Defendant. R & R 2–3 [47], *in Highland Capital Mgmt, L.P. v. Highland Capital Mgmt Servs., Inc.*, Adversary No. 21-03006-SGJ (Bankr. N.D. Tex. issued July 14, 2021). As such, the Court assumes familiarity with the factual and procedural background of this motion for reconsideration.

ORDER – PAGE 1

A request that the Court reconsider an interlocutory order is governed by rule 54(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 54(b). "[T]he power to reconsider or modify interlocutory rulings is committed to the discretion of the district court." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (reversing application of Rule 59 standards) (internal quotations and citations omitted). Rule 54(b) allows "the district court to revise at any time any order or other decision that does not end the action" *Id*. "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient . . . ." *Id*. (internal quotations and citations omitted). And the Fifth Circuit has long treated a court's determination on a motion to withdraw the reference to a bankruptcy court as an interlocutory ruling. *In re Lieb*, 915 F.2d 180, 184 (5th Cir. 1990).

But the mere fact that Rule 54(b) provides for a more flexible approach to reviewing motions for reconsideration does not mean that such motions should automatically be granted. Rather, a district court's broad discretion under rule 54(b) must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays. *Puga v. About Tyme Transp., Inc.*, 2017 WL 6049244, at *1 (S.D. Tex. Feb. 21, 2017); *see also* 18B CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 4478.1 (2d ed., online 2019). Rule 54(b)'s approach "reflect[s] the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Austin*, 864 F.3d at 336 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)). Thus, even though the standard for evaluating a motion to reconsider under Rule 54(b) is "less exacting than that imposed by Rules 59 and 60 . . . considerations similar to those under Rules 59 and 60 inform the Court's analysis." *Rotella v. Mid–*

*Continent Cas. Co.*, 2010 WL 1330449, at *5 (N.D. Tex. Apr. 5, 2010) (Fish, J.) (internal quotations omitted).

Under Rules 59 and 60, courts place considerable weight on the evolution of litigation, especially the emergency of new evidence, as a ground for altering a ruling. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 181 (5th Cir. 2012) (including in the list of Rule 59 factors the situation "where the movant presents newly discovered evidence that was previously unavailable"); FED. R. CIV. P. 60(b)(2). In this case, Defendant has identified no such evidentiary development in its motion for reconsideration. First, Defendant presents essentially the same judicial efficiency argument already raised before the Bankruptcy Court. Defendant does raise two new issues, but neither of these arguments derives from newly discovered evidence. In fact, both objections are legal, not factual, in nature. On this basis, therefore, the Court perceives no reason to exercise its discretion to reconsider the prior order.

The fact that Defendant neglected to raise two of these arguments in its original motion further supports the conclusion that the Court should refuse reconsideration. Absent a showing of good cause for the failure to make an argument, consideration of a party's newly raised ground for relief on motion for reconsideration merely saps judicial resources and invites protracted relitigation. The Court concludes that permitting reconsideration based on the two novel arguments raised at this stage would not serve the goals of efficiency and finality.

To the extent that the Court must consider this issue of mandatory withdrawal, Defendant's argument is unavailing. Defendant Contends that resolution of this adversary

ORDER – PAGE 3

proceeding necessarily involves substantial consideration of complex Internal Revenue Code ("IRC") provisions. Def.'s Limited Obj. ¶ 17 [6]. The Court disagrees. Defendant cites only the most basic of IRC sections and does not explain what issue of complex interpretation will necessarily arise. *See id.* ¶ 19 (citing IRC § 61(a)(11), which defines gross income to include discharged debt). According to Defendant, the parties intended that the Notes and purported subsequent agreement to forgive the liability effectuate a tax-advantaged transfer to Defendant. This will involve a determination of the parties' intent colored by their understanding (shared or not) of the likely tax implications of the transaction. The issue is one of contract interpretation, not the validity of the arrangement as a matter of tax law. The Bankruptcy Court can rule on this issue, aided by expert testimony on common practices in the alternative investment management industry, without placing "roadblocks to the use of a compensation method that is common in the financial services industry" or otherwise issuing a ruling with wide-ranging implications for creative and tax-efficient compensation structuring by hedge funds. *Id.* ¶ 20.

As to judicial efficiency, the Court has already rejected the argument. Defendant made this objection in its motion for withdrawal of the reference. The Bankruptcy Court, largely agreeing with Defendant's position overall, declined to recommend a full withdrawal. This Court adopted that position. Sound reasoning supports that decision: the Bankruptcy Court retains substantial knowledge about the bankruptcy and this adversary proceeding that will help it resolve pretrial motions. And, as noted previously, nothing substantial has changed in the litigation to alter the analysis. Hence, the Court perceives no strong basis to revisit the refusal to grant a full withdrawal based on judicial economy.

Finally, issues of fairness do not compel the court to alter the previous order. Defendant objects to the appearance of impropriety allegedly inherent in allowing this case to remain before the Bankruptcy Court while it appeals that court's denial of its recusal motion. Defendant has sought appeal of that decision in another court in this District. The Court concludes that that appeal affords Defendant the full and fair ability to pursue its case for recusal on the merits. Fairness does not dictate that this Court withdraw the reference pending the outcome of that appeal.

### CONCLUSION

For the foregoing reasons, the Court declines to exercise the discretion afforded to it under Rule 54(b). Accordingly, the Court denies Defendant's motion for reconsideration of its prior Order adopting the Bankruptcy Court's Report and Recommendations.

Signed December 7, 2021.

_____
David C. Godbey
United States District Judge